KENDRICK *et al. v.* KENDRICK.*

(En Banc.   May 19, 1924.)

[100 So. 181.   No. 23818.]

WILLS.   *Equity will not exercise jurisdiction merely to interpret will, without request for further relief.*

The jurisdiction of a court of equity to construe wills is an incident to its general jurisdiction over trusts, and will never be exercised in a suit brought solely for the purpose of interpreting the provisions of a will, without any further relief.

*Headnote 1.   Wills, 40 Cyc, p. 1838.

APPEAL from chancery court of Alcorn county.

HON. A. J. McINTYRE, Chancellor.

Suit by Mary Kendrick against R. M. Kendrick and others.   Judgment for plaintiff, and defendants appeal. Reversed and bill dismissed.

*W. J. Lamb* and *H. P. Wood,* for appellants.

We recognize the universal rule that in the construction of wills, the first object to be attained is to gather the intention of the testator from the instrument, and that this intention can only be obtained from the four corners of the instrument itself.

When this test is placed on the instrument under consideration, we think we are correct in contending that the deceased died intestate except the Louisville property, which he gave to his heirs *per stirpes,* and the unexpired lease to his wife.

The law presumes that the testator knows the law, and that he made his will accordingly. 2 Schouler on Wills (6 Ed.), sec. 854, p. 966; *Schlottman* v. *Hoffman,* 73 Miss. 198.

The statute of wills provides for the devolution of property by wills actually made, and not by those parties intend, however definitely to make but do not make. *Rhodes* v. *Rhodes,* L. R., 7 App. Cas. 198; Schouler on Wills, sec. 220; *Ehrman* v. *Hoskins,* 67 Miss. 192; 2 Pom. Eq., sec. 871; *Bingel* v. *Volz* (Illinois), 10 L. R. A. 321, and note.

If the law will not allow parol testimony to show the expressed intention of the testator and to correct an error on the ground that it would make a different will to the one that the testator did make, then certainly the court will not name a beneficiary or insert words to make a will different from the one the testator did make, and that is what the court will have to do to sustain the contention of the appellee in this case, which all the authorities hold the court has no right or authority to do.

While the bill in this case is labelled as a bill to construe the will of Dr. Kendrick, in reality and in fact, it is a bill to correct and reform his will, and asking the court to write a will for him.

In the case at bar the record shows, and the petition alleged, that the testator left an estate in Alcorn county, Mississippi, consisting of *considerable personal property.* The testator was a man thirty years older than his wife, and under the law of descent and distribution and the will, she was left a bountiful estate, and gets everything the testator had, either by will or the laws of descent and distribution, except the Louisville prop-

erty and one-half of the land in Texas and a dower right in the land in Tennessee, and now the widow is begrudging the nieces and nephews of the testator this small pittance. When the laws of descent and distribution and the will are construed as contended for by the appellants, the widow, the testator's wife, gets practically all of a vast estate, and still she is not satisfied and asks this court to either write a will for the testator that will give it all to her, or reform the will of the testator so she will get it all.

Courts of equity have no such right. The law does not tolerate such proceedings.

*E. S. Candler* and *W. C. Sweat,* for appellee.

The court below construed the instrument here in question in accordance with the contention of the appellee, and held that, by the terms of the will, the deceased devised and bequeathed all of his property to the appellee, except his house and lot in Louisville, Kentucky.

The proper construction, appellants say, is that the will gives the appellants the house and lot in Louisville, Ky., and that it only gives to his widow, the appellee herein, the rent or lease money due on this property from the date of his death until the expiration of the lease which was in force thereon at the time of his death, and that, as to all of his other property, he died intestate.

Taking the whole will together and construing it as a whole, the unbiased mind will readily and easily come to the conclusion that, by the words therein used, the deceased intended to give to his wife his entire estate, except the one piece of property; and, as said above, that is the manner in which a will is construed by the court.

"In construing a will, we will look to the general scope and purpose of the instrument and the entire language employed." *Buckwell* v. *Lightcap,* 115 Miss. 417, 76 So. 489; *Henry* v. *Henderson,* 103 Miss. 61, 48 So. 60; *Chrisman* v. *Bryant,* 108 Miss. 311, 66 So. 779; *Watson* v.

*Blackwood,* 50 Miss. 15; *Watson* v. *Blackwood,* 50 Miss. 15; *Henry* v. *Henderson,* 101 Miss. 751, 78 So. 354; *Selig* v. *Trost,* 110 Miss. 584, 70 So. 649; *Harvey* v. *Johnson,* 111 Miss. 566, 71 So. 824.

In the next place, it is to be presumed that every word and clause in the will has a meaning; that every word meant something to the testator, otherwise, he would not have used them. After all, what the court desires to do is to determine what the will meant to the testator; and, if the court can, from the instrument and the surrounding circumstances, arrive at that conclusion, it will be given effect. Schouler on Wills (5 Ed.), section 845.

If appellants' construction of the will is adopted, then a very large part of the will is meaningless, and practically one-third of the words and clauses used therein will be absolutely discarded. Provisions apparently in conflict should be reconciled if this can be reasonably done. 28 R. C. L., sec. 176, p. 217; Schouler on Wills (6 Ed.), secs. 894, 898; *Houghton* v. *Brandon,* 40 Miss. 729.

It is certainly very clear from the whole instrument, taken together, that the deceased intended to dispose of, and, in fact, did dispose of, his entire estate. The presumption is against partial intestacy, and the law favors that construction of the will which will, in effect, dispose of the entire property of the testator. *Vaiden* v. *Hawkins,* 59 Miss. 420; Schouler on Wills (6 Ed.), sec. 890; 28 R. C. L., par. 189, p. 227; 40 Cyc., p. 1409; 40 Cyc. 411.

"Our latest American decisions indicate a growing disposition to liberally favor in construction, the surviving spouse, and the provisions in a will for the benefit of the wife will be liberally construed." Schouler on Wills (6 Ed.), sec. 884.

Taking this will in its plain, common and ordinary meaning, as expressed by all of the words therein contained, giving effect to every word and clause therein

in the light of the fact that it was the intention of the testator, as expressed in the fact of the will, to dispose of his entire estate, we say that the court below correctly construed the will and that the cause should be affirmed.

*W. J. Lamb,* for appellants, in reply.

Opposing counsel say that the whole text of the instrument must be taken into consideration in order to ascertain the meaning of its maker. We do not dispute this proposition, and there was no necessity for citing authorities to sustain it; but when the testator has said what he had to say in his will, and did not name a beneficiary as to the greater part of his property, we contend he had some reason for not doing so, and that the court has no power under the law to make a will for him by inserting a beneficiary or legatee.

Courts cannot make a new will for the testator, or make a mere conjecture as to his intention, or substitute their discretion for his, or build up a scheme for the purpose of carrying out what might be thought was or would be in accordance with his wishes, but must enforce the validly expressed intent of the testator.'' *Park* v. *Powledge,* 198 Ala. 172, 73 So. 483; *Dreyer* v. *Reisman,* 202 N. Y. 476; *In re Fair,* 132 Calif. 523; *Wright* v. *Ricks,* 12 Ga. 155; *Coffman* v. *Coffman,* 85 Va. 439; *O'Hearn* v. *O'Hearn,* 114 Wis. 428; *Menard* v. *Campbell,* 180 Mich. 583; *Upham* v. *Plankinton,* 152 Wis. 275; *Eldred* v. *Meeks,* 183 Ill. 26; *Jordan* v. *Jordan,* 274 Ill. 251.

In the case at bar it is under a pretense of interpretations that appellee is asking the court to insert her as a legatee of all the property of the testator. In other words, it is an effort on the part of the appellee to get the court to make a new will for the testator.

Argued orally by *W. J. Lamb,* for appellants, and *W. C. Sweat* and *E. S. Candler,* for appellee.

SMITH, C. J., delivered the opinion of the court.

C. Kendrick, a citizen of the state of Mississippi died, leaving a last will and testament which reads as follows:

"Knowing the uncertainty of life and the certainty of death, I hereby make and declare this, my last will and testament. I desire my wife, Mary W. Kendrick, to serve as executrix, and have full power to act in all matters pertaining to my estate without bond. It is my will and desire that everything I possess, personal property of all kinds, all debts due me, all money on hand or on deposit or loaned, all real estate in Mississippi, Texas, and Tennessee—everything I possess except my house and lot on the corner of Jefferson & Preston Sts. in Louisville, Ky. This property I desire to go to and be divided among my heirs *per stirpes* as soon as the lease expires which may be in force at the time of my death— All rent or lease money to go to my wife until the lease expires which may be in force at the time of my death."

He left surviving him a widow, the appellee herein, and several nephews and nieces, but no children. He owned at the time of his death property situated in Mississippi, Tennessee, and Texas. The widow claims that the will devises all of the testator's property to her except the house and lot in Louisville, Ky., and brought this suit against the testator's nephews and nieces, the sole purpose of which, according to the prayer of the bill, is:

"That this court will construe the will of the said testator by suitable decree so as to determine just what the said will, and each and every part thereof, means, and just what property this petitioner takes under the will, and what property, if any, the defendants take thereunder."

The answer to this bill alleges that the only property devised by the will is that situated in Louisville, Ky., but admits that the appellee will inherit all of the decedent's property situated in the state of Mississippi under the

laws of descent and distribution thereof, and joins in the prayer of the bill for a construction of the will.

The appellee's construction of the will prevailed in the court below.

It will be observed from the foregoing statement of the case that the sole question presented for decision is whether or not the decedent devised all of his property except the house and lot owned by him in Louisville, Ky., to his widow, the appellee herein, or died intestate as to all of his property except the house and lot aforesaid. In either event all of the decedent's property in Mississippi, and subject to the jurisdiction of the courts thereof, will go to the appellee; consequently the appellee's right to such property can in no way be affected by a decision of the question presented. The construction of the will is therefore unnecessary, and, moreover, as will be observed from the prayer of the bill, this suit is brought, not for the purpose of obtaining any relief, but solely for the purpose of obtaining an interpretation of the provisions of the will.

"The special equitable jurisdiction to construe wills is simply an incident of the general jurisdiction over trusts;" and will never be exercised in "a suit brought solely for the purpose of interpreting the provisions of a will without any further relief." 3 Pomeroy's Equity Jurisprudence (3 Ed.), section 1156.

It follows from the foregoing views that the court below should not have construed the will, but should have dismissed the bill of its own motion.

*Reversed, and bill dismissed.*